ROBERT M. SMITH, RESPONDENT, VS. EDWARD B. BULKLEY, APPELLANT.

When a defendant has appeared and pleaded to the declaration, he cannot, on appeal, take advantage of any irregularity in the service, or of the entire omission to make service of the process by which the suit is commenced.

Appeal from the Circuit Court for Duval county, Fourth Judicial Circuit.

The points in this case are fully explained in the opinion of the court.

*Liberty Billings* for Appellant.

This was a proceeding under the Code by attachment levied on real estate in Fernandina belonging to a non-resi-

dent, Edward B. Bulkley, of the State of New York, the appellant.

The record shows no personal service nor newspaper publication, nor mailing of notice and petition as required by statute; and no evidence appears of said Bulkley's residence being unknown, or that it could not be ascertained.

*Robert M. Smith* for Respondent.

This was an action under the Code, tried by a jury and verdict rendered for respondent at the Spring Term, 1874, in the Fourth Judicial Circuit, Duval county. Motion was granted for new trial upon the ground that certain papers improperly went before the jury.

A new trial was had at the same term, and verdict was rendered by a jury for respondent in the sum of $684, and $190.03 costs.

No exceptions were taken at the time of trial, or before or after judgment. Every charge asked by appellant was granted.

*First.* Respondent asks that the judgment of the court below be affirmed, and in addition that ten per cent. upon the judgment be allowed as damages for delay, under section 251. Int. Div.

*Second.* For the reason that appellant has had two fair and impartial trials before a jury, and in each case verdict was rendered for respondent, the appellant in the course of said trials being allowed to put in every defense asked by him, and no testimony of any character or description offered by appellant was excluded.

RANDALL, C. J., delivered the opinion of the court.

This suit was commenced under the Code by the issuing of a summons, and an attachment was also issued and levied upon defendant's property. Defendant was a non-resident. There was no personal service of process, and no publication of summons.

The defendant, however, appeared by two attorneys, and pleaded to the complaint, and two trials were had, each of which resulted in a verdict for plaintiff, a new trial having been granted after the first verdict on the motion of defendant by his attorney.

No exceptions appear to have been taken, and the only question made upon the appeal is, that there was no service or publication of the summons, and upon this ground defendant insists that there was no jurisdiction obtained by the Circuit Court, and, therefore, the judgment should be reversed.

It has been uniformly held by this court, and by the courts of all the States and of the United States, that a general appearance of the defendant in person, or by attorney, in the suit, where no service was had, or where the service was defective, cures any defect of service, and gives jurisdiction as effectually as if service in person had been made.

The judgment is affirmed with costs, to be taxed under the Code, in favor of the plaintiff.