ETTA STERNBERG v. JACON CHARLES STERNBERG

190 So. 486

Division B

Opinion Filed July 7, 1939

Rehearing Denied July 27, 1939

*Rosenhouse & Rosenhouse* and *Waller & Meginniss*, for Appellant;

*Simonhoff & Simonhoff* and *Whitfield & Whitfield*, for Appellee.

CHAPMAN, J.—On August 15, 1937, appellee here filed in the Circuit Court of Dade County, Florida, his sworn bill of complaint against the appellant here, defendant below, alleging that for a period of more than ninety days preceding the filing of the bill of complaint he had resided continuously in Dade County, Florida. Plaintiff below sought a divorce on the ground of habitual indulgence in a violent and ungovernable temper, and on the additional ground of extreme cruelty.

On September 11, 1937, the defendant below filed her

Special Appearance and Motion Pursuant to Special Appearance and Motion Pursuant to Special Appearance as follows, viz.:

"SPECIAL APPEARANCE

"Comes now the defendant, ETTA STERNBERG, by her undersigned attorneys, and appearing specially and solely for the purpose of contesting the jurisdiction of the Court over the person of this defendant and over the subject matter of this suit, files this her special appearance and simultaneously herewith files her motion in support thereof. * * *

"MOTION PURSUANT TO SPECIAL APPEARANCE

"Comes now the defendant, ETTA STERNBERG, appearing herein specially and solely for the purpose of contesting the jurisdiction of the court over the person of this defendant and/or over the subject matter of this suit and not otherwise thereupon says:

"FIRST: That the matrimonial domicile of the plaintiff and defendant is now, and continuously has been since their marriage, in the City of New York, State of New York, on June 25th, 1924; that neither plaintiff nor defendant is now or ever has been, a resident of or in Dade County, State of Florida, but on the contrary continuously since their marriage as aforesaid, each of the parties have resided in and have been residents of the City of New York, State of New York.

"SECOND.—That the plaintiff and the defendant were lawfully married in the State of New York on June 25, 1924, and at the time of this marriage, the plaintiff had graduated from Bellevue Medical School, New York City, obtaining the degree of Doctor of Medicine; that shortly thereafter he was licensed to practice in the State of New

York and that during the year of 1925 the plaintiff and defendant took up residence in a private house in the Borough of Brooklyn, Kings County, City and State of New York, at 561 East Third Street, the lower portion in which home the plaintiff had his office and catered to his patients; that thereafter during the year of 1926 they purchased their own home in the Borough of Brooklyn as aforesaid at 1516 West Seventh Street, and wherein the plaintiff had his office, utilizing the upper story of said home so purchased for the living quarters; and the plaintiff and defendant occupied said residence both as their home and office until the year of 1933 when a certain separation agreement was entered into by and between the parties hereto; that after said separation agreement, the plaintiff continued to occupy and use the premises aforesaid, that is, the lower portion of said premises and living in the upper portion under an amicable arrangement with this defendant to pay the carrying charges of the mortgage, interest, taxes, repairs, etc., and such tenancy continued until March, 1934; that thereafter, the plaintiff has his office in the Borough of Brooklyn, City of New York at 441 Ocean Avenue, and had his medical office at said place until the latter part of March, 1937, at which time he changed his offices to 2023 Caton Avenue, in the Borough of Brooklyn, City of New York, County of Kings, State of New York, and he has his said offices at said place at the present time; that at the time of the removal of the plaintiff's offices from Ocean Avenue as aforesaid to the Caton Avenue address as aforesaid, the plaintiff did print removal cards and did send out and mail said removal cards to all of his patients and that this defendant has in her possession a notice of removal card printed in an envelope which was postmarked April 1st, 1937, and the said notice being enclosed in an envelope and addressed in the handwriting of the said plaintiff, all of which this defendant

is willing to verify and the said envelope and removal card contained therein, she is willing to produce in court.

"Defendant further states that the plaintiff had built up a large and lucrative practice; that he still conducts said offices as aforesaid; that inquiring of the office by telephone one is advised that Dr. Sternberg 'had a heart attack and is now in Philadelphia under the care of a physician who is his uncle and that he is recuperating rapidly and will resume his practice in the latter part of September and that in the meanwhile, Dr. Samuel Felder is taking care of Dr. Sternberg's patients.' That the office at Caton Avenue as aforesaid contains the placard and sign of Dr. Sternberg, both in the window and in the entrance.

"THIRD: Defendant further shows unto the Court that if the plaintiff has been in Florida for ninety days preceding the filing of his bill of complaint, she alleges that he has not been a resident of Florida within the meaning of the statute requiring the ninety-day residence as a predicate for the filing of the bill of divorce; that his sojourn in Florida is merely temporary and solely and only for the purpose of trying to establish sufficient day residence to predicate the divorce; that the plaintiff is at this time and has been a resident of the State of New York.

"FOURTH: Petitioner further shows unto the Court that she has a good and meritorious defense to the jurisdiction of this court over her or the subject matter; that she is without means to defray the expense of counsel to urge this petition; that the plaintiff is possessed of sufficient means and property to defray said costs.

"WHEREFORE, defendant respectfully submits that this Court has no jurisdiction over the person of the defendant, nor has this Court the lawful right to hear and determine the alleged right and rights of the plaintiff to be divorced

from this defendant or to grant plaintiff any relief in such cause, whatsoever;

"Wherefore defendant moves the court as follows:

"(a) To quash the order for constructive service herein.

"(b) To dismiss said proceedings herein.

"(c) Without and in no wise waiving the special appearance filed by the defendant, to grant her such suit money and attorneys' fees to defray the services of her solicitors in this special appearance proceedings as to this Court shall be meet and proper."

The Special Appearance and Motion Pursuant to Special Appearance, *supra*, are directed (a) to quash the order for constructive service; (b) to dismiss the proceedings or the bill of complaint; and (c) sought an order in the lower court for suit money and attorneys' fees.

On the 18th day of October, 1937, the lower court entered an order, after argument of counsel, holding that the "Motion Pursuant to Special Appearance" specially in effect constituted a general appearance by the defendant in the cause, thereby invoking the jurisdiction of the Court. The order required the defendant below to file an answer to the bill of complaint on the tenth day of November, 1937. From the aforesaid order an appeal has been perfected to this Court.

The question to be determined on this record is: Did the filing of the Special Appearance and the Motion Pursuant to the Special Appearance, *supra*, in law, amount to a general appearance? While it is true that the defendant below limited her special appearance in the lower court: (1) for the purpose of quashing the constructive service (2) to obtaining an order dismissing the case; and (3) to obtaining an order granting her suit money and attorneys' fees, the law seems to be well settled that when a person appears specially for the purpose of presenting the question of juris-

diction of the court, he must restrict his motion to the *grounds* of such jurisdiction and must not include therein some other ground that recognizes the jurisdiction of the court over the person and amounts to a general appearance in the cause. See Garner v. Garner, 83 Fla. 143, 90 So. 819. The motion in the case at bar, while intended by counsel to be limited to the question of quashing the service by publication, which was fully supported by the record, in fact went much further and included additional relief in that it sought a dismissal of the bill of complaint and likewise sought an order granting suit money and counsel fees in the suit then being considered, thereby invoking the jurisdiction of the court.

If the defendant takes some step in the proceedings which amounts in law to a submission to the Court's jurisdiction, the fact that the defendant insists that he never intended so to do, or to otherwise admit the jurisdiction of the court over his person, or that he contends that he appeared specially and not generally, is not sufficient to preclude the court from considering and holding that the defendant appeared generally in contemplation of law. See Rorick v. Stilwell, 101 Fla. 4, 133 So. 609.

This Court is committed to the rule that any pleading to the merits of the cause, whenever made, in law constitutes a general appearance and thereby waives the question of defects in the service raised by the special appearance or motion to quash or set aside. See Ortell v. Ortell, 91 Fla. 50, 107 So. 442; Casper v. Bonbright, 94 Fla. 1237, 115 So. 540; Ray v. Trice, 48 Fla. 297, 37 So. 582; Oppenheimer v. Guckenheimer, 34 Fla. 13, 15 So. 670; Smith v. Bulkley, 15 Fla. 64. We therefore hold that the motion made and presented by the defendant in the court below pursuant to the special appearance which sought an order (a) dismissing the bill of complaint, and (b) an order granting defendant

below suit money and attorneys' fees, in law, was equivalent to a general appearance in the cause and the lower court was correct in so holding.

The order appealed from is hereby affirmed.

WHITFIELD and BROWN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.