282 So.2d 186 (1973)
John Edward KRASNOSKY, Jr., Appellant,
v.
Linda Ann KRASNOSKY, Appellee.
No. S-342.
District Court of Appeal of Florida, First District.
September 6, 1973.
*187 Joseph Q. Tarbuck, Pensacola, for appellant.
O'Gwen L. King, of Hahn, Reeves & Barfield, Pensacola, for appellee.
JOHNSON, Judge.
This is an appeal from an order of the Court of Record of Escambia County, Florida, in which the court determined that that court was without jurisdiction to determine the question of custody of a minor child. A Louisiana Court had previously entered an order granting custody of the child to the Mother.
The Mother had filed and prosecuted to completion her suit against the appellant herein for separation from Bed and Board, in which she had prayed for and obtained full custody of the minor child of the parties. The final order was entered in the Louisiana Court on October 19, 1972. This Louisiana suit was filed on September 19, 1972. On September 22, 1972, the husband, appellant herein, filed his petition for dissolution of marriage in the Court of Record of Escambia County, Florida. On October 19, 1972, on the same day the Louisiana Court had entered its order awarding custody of the child to appellee herein, the appellant, without notice to or consent of appellee, took the child from the state of Louisiana and brought her to Florida, and on the same day obtained a temporary emergency order in the Escambia County, Florida Court granting temporary custody of the child. Appellant filed his amended petition for dissolution of marriage in which he alleged that he then had physical custody of the child and prayed for permanent custody. Appellee answered the amended petition and filed her counterclaim in which she sought return to her of the child, alimony, child support and attorney's fees.
A hearing was held on November 15, 1972 on the petition for temporary custody. The trial court declined to entertain the question of child custody, alimony, child support or attorney's fees on the ground that the Florida Court was without jurisdiction to determine the custody because of the actions of the Louisiana Court. The trial court refused to hear testimony of any kind which the appellant wanted to submit. The trial court held that the Louisiana Court's order should be given full faith and credit by the Florida Court, and after questioning the respective counsel, entered the order directing the return of the child to the appellee.
We are of the opinion, and so hold, that the trial court was in error in not permitting the appellant to offer testimony going to the best interest of the child. *188 The Florida Courts have consistently held that the decree of a foreign jurisdiction awarding custody of a minor child is not necessarily entitled to full faith and credit, but such decree is entitled to recognition under the comity principle in a child custody case,[1] and that even under such principle such decree does not control if it appears that there are changes in material circumstances affecting the welfare of the child or the fitness of either party relevant to custody. Too many Florida cases have held this to be the law in Florida to need any citation thereof. The trial court should have allowed the taking of testimony, but we are careful to state that by the reversal of the order appealed, we do not indicate that we do not agree with the ultimate decision of the trial court to let the Louisiana Court award in the matter stand. In fact, because of the shortness of time between the date of the Louisiana award and the date the appellant snatched the child back to Florida, the trial court should very carefully review all the evidence before disturbing the Louisiana Court order.
As to the question of waiver of jurisdiction by pleading, this has been long ago settled by our Florida Supreme Court. If the defendant takes some step in the proceeding or files a pleading to the merits of the cause, defects in service or jurisdictional defects are waived.[2]
In the counterclaim of the appellee it is prayed, inter alia, that she be awarded alimony, child support and attorney's fees. Inasmuch as the appellant took the child from the appellee's custody in Louisiana without notice or consent, we think the trial court, upon motion of appellee, should require the appellant to pay a reasonable attorney's fee to appellee as well as reasonable costs for travel for her and any material witnesses she might need in the hearing on custody, which we are hereby directing the trial court to hold.
We reverse the order declining jurisdiction and direct the trial court to set a hearing date, after a reasonable notice to all parties, in which the parties may submit material evidence as to the best interests and welfare of the minor child, and to make such rulings and decrees as the Court deems necessary to properly insure the best welfare of the minor child.
Reversed without prejudice.
WIGGINTON, Acting C.J., and SPECTOR, J., concur.
NOTES
[1] Morris v. Kridel, 179 So.2d 130 (Fla.App.2d 1965).
[2] Sternberg v. Sternberg, 139 Fla. 219, 190 So. 486 (1939).