PER CURIAM.
Appellant creditors seek to review an order denying their motion to aid in execution of judgment against the estate of Herman L. Shaw, deceased.
Prior to his death, a judgment was entered against Herman L. Shaw in favor of the plaintiff-appellants, Howard Dunn and Sidney Zuker. On September 5, 1972 Shaw filed a notice of appeal and in lieu of a supersedeas bond, the parties agreed to Shaw posting negotiable bonds to be held in escrow for the appeal. Shaw died while the appeal was pending, and his estate continued with the appeal. The estate was represented by Shaw’s counsel, who, in pleading before the court, stated that “the failure to substitute the estate of the defendant is not fatal to any aspect of these proceedings.” After all appellate remedies were exhausted, the total judgment against the deceased was $35,182.30 — $28,780.05 of which had been satisfied by the negotiable bonds, leaving a deficiency of $6,547.43.[1] On May 15, 1973 after hearing argument of counsel the trial judge entered an order directing Shaw’s estate to satisfy the deficiency. Thereupon, plaintiffs filed a motion to aid in execution of judgment and the probate judge denied the motion on the ground plaintiffs failed to file a claim against the estate as creditors pursuant to Section 733.-16(1), Florida Statutes (1971).[2] This appeal from the denial ensued.
*507 We believe the facts in this ease fall within the purview of Section 733.16(l)(a), Florida Statutes (1971), which provides the following exception to the prerequisite of filing a claim or demand:
“(a) Provided, however, that if suit upon any such claim or demand is filed and service of process therein had upon such personal representative within six months from the time of the first publication of the notice to creditors, the claim or demand asserted by such suit shall not be impaired or affected by failure to file in the office of the county judge granting letters a claim or demand in manner and forms as hereinabove provided, but such failure shall operate to preclude the plaintiff in such suit from recovering any suit costs or attorneys fees as an incident thereto; and the personal representative shall file in the office of the county judge granting letters a suggestion of the pend-ency of such suit and the same shall be entered on the claim docket.”
While his appeal was in progress, Herman Shaw died on December 8, 1972 and first publication of notice to creditors appeared on December 19. Shaw’s estate retained counsel to continue with the appeal and he, along with counsel for plaintiffs filed an affidavit on February 14,1973 setting forth the understanding of the parties that as of that date the bonds were in lieu of superse-deas. The estate’s counsel stated to the court that the failure to substitute the estate was not fatal to any aspect of the proceedings. Through the above acts, the estate made a general appearance and the court acquired jurisdiction. In such cases the necessity of a formal substitution of parties is dispensed with and the appearance is legally conclusive that the estate had notice of the demand sued on well within the six months from the time of the first publication of the notice to creditors. See Sternberg v. Sternberg, 139 Fla. 219, 190 So. 486 (1939); 3 Fla.Jur. Appearances § 12 (1955) and cases cited therein.
Reversed and remanded.

. including interest

. "733.16 Form and manner of presenting claims; limitation.—
“(1) No claim or demand, whether due or not, direct or contingent, liquidated or unliquidated, or claim for personal property in the possession of the personal representative or for damages, including but not limited to actions founded upon fraud or other wrongful act or commission of the decedent, shall be valid or binding upon an estate, or upon the personal representative thereof, or upon any heir, legatee or devisee of the decedent unless the same shall be in writing and contain the place of residence and post-office address of the claimant, and shall be sworn to by the claimant, his agent or attorney, and be filed in the office of the county judge granting letters. Any such claim or demand not so filed within six months from the time of the first publication of the notice to ■ creditors- shall be void even though the person *507 al representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise; and no cause of action, at law or in equity, heretofore or hereafter accruing, including but not limited to actions founded upon fraud or other wrongful act or omission, shall survive the death of the person against whom such claim may be made, whether suit be pending at the time of the death of such person or not, unless such claim be filed in the manner and within the said six months as aforesaid.”