409 So.2d 1099 (1982)
Peter FUNDARO, Appellant,
v.
CANADIANA CORPORATION, a Florida Corporation, Appellee.
No. 80-1997.
District Court of Appeal of Florida, Fourth District.
January 27, 1982.
Rehearing Denied March 9, 1982.
*1100 Randolph Braccialarghe and Robert A. Ware of English, McCaughan & O'Bryan, Fort Lauderdale, for appellant.
Joel D. Kenwood of Baskin & Sears, Boca Raton, for appellee.
LETTS, Chief Judge.
An individual co-defendant appeals the trial court's refusal to set aside a default entered in favor of a second corporate co-defendant, the former having failed to answer a cross claim filed against him by the latter. We reverse.
The plaintiff in the original complaint named both the individual, who is the appellant before this court, and the corporate appellee as co-defendants; however, the individual co-defendant was never served with summons on the main complaint. Thereafter the corporate co-defendant cross claimed against the individual co-defendant and once again there was no summons and service was instead supposedly effected merely by a certificate within the four corners of the cross claim that same had been "furnished" to the individual co-defendant. As has been already noted, the individual co-defendant never answered the cross claim and that omission occasioned the default which resulted in the final judgment for $5,040 which is now before us on appeal.
Disposing first of the failure to serve a summons relative to the original complaint, we are of the opinion that the individual co-defendant should not be heard to complain. Not only did he file a motion to dismiss it (not directed to insufficiency of process or jurisdiction), but in addition, upon denial of the motion to dismiss, he thereafter filed an answer. By so doing, any failure of the service and any jurisdictional defects were waived. Krasnosky v. Krasnosky, 282 So.2d 186 (Fla. 1st DCA 1973) and First Wisconsin National Bank of Milwaukee v. Donian, 343 So.2d 943 (Fla.2d DCA 1977).
There remains the question of the failure by the corporate co-defendant to serve a summons on the individual co-defendant on the cross claim filed by the former against the latter.
At the outset we are surprised by a paucity of Florida case law which flatly tells us whether or not cross claims against co-defendants require service by summons, although an old Supreme Court holding in Lovett v. Lovett, 112 So. 768, 775, 776 (Fla. 1927) might appear to prescribe it. Florida Rules of Civil Procedure 1.080 and Section 48.031(1), Florida Statutes (1979) both call for service of summons on a party of all "initial" pleadings. In our view, a cross claim is an "initial" pleading as to the subject matter of the cross claim and this view is certainly bolstered by the adoption, in the Florida Rules of Civil Procedure, of Form 1.903 entitled "Cross Claim Summons."[1] Accordingly, we hold that cross claims against co-defendants require service by summons unless that requirement is waived *1101 by subsequent conduct of the cross defendant which as a practical matter we recognize is often the case. We expressly limit this holding to cross claims.
Having established the necessity for service, we once again must answer the question of whether the service required here was waived. We think not.
The individual cross defendant filed no answer to the cross claim and filed no pertinent pleading whatsoever until the corporate cross plaintiff gave notice of taking his deposition. At that point the individual cross defendant filed a motion for a protective order because he was traveling out of state for a medical check-up. Pursuant thereto the deposition was reset and he did show up on the alternate date. However, there was nothing whatever to indicate that the deposition was anything other than on the main complaint. Any party to a law suit may take the deposition of any other party (Rule 1.310(a)) and any party who is given reasonable notice in writing (Rule 1.310(b)) must show up (Rule 1.380(d)). In the absence of some specific notification that the deposition would be limited to the cross complaint, the individual co-defendant would be subject to sanctions, not to mention expenses and attorneys fees, if he failed to show. As a consequence his appearance for a deposition at the instance of a corporate co-defendant is not, under the facts of this case, deemed by us to be a waiver. We must confess that common sense would indicate that the deposition would, and apparently did, include much enquiry about the subject matter of the cross claim. That fact alone, however, is insufficient to cause us a change of heart.
The corporate co-defendant also argues that, because the individual co-defendant had actual knowledge of the filed cross claim, he had an affirmative duty to file a motion to quash service rather than lie low in the weeds until a default was to be entered. To this end we are cited to Nationwide Mutual Fire Insurance Company v. Holmes, 352 So.2d 1233 (Fla. 4th DCA 1977). However, close examination of that case does not appear to substantiate such a contention and we reject it.
Finally the corporate co-defendant argues that at the hearing on the motion for default the individual co-defendant did not raise the inadequacy of service of process. However, we have no transcript of that hearing. Furthermore we take note of our Supreme Court's holding in McIntosh v. Wibbeler, 106 So.2d 195, 197 (Fla. 1958) wherein it was said:
It is axiomatic that where there is no service of process sufficient to sustain the jurisdiction of the court, mere negligence or lack of due diligence (even if such is assumed in the instant case) on the part of a party at a later stage of the proceedings cannot correct the fault, nor can lapse of the appeal period validate a judgment in these circumstances.
Accordingly, it is our view that the trial court was in error in failing to set aside the default and this cause is reversed and remanded in accordance herewith.
REVERSED AND REMANDED.
GLICKSTEIN, J., and SCHWARTZ, ALAN R., Associate Judge, concur.
NOTES
[1] In his treatise on Florida Practice and Procedure even Trawick, in contrast to his usual unequivocal style, comes to no definite conclusion on service of cross claims by co-defendants but notes that "conservative practice requires issuance of cross claim process... ." Trawick's Florida Practice and Procedure § 12-6 (1977).