DELL, Judge.
Euphrosyne Hager seeks review of a circuit court order quashing service of process in a county court eviction action against Andrew and Glenda liles.
At the expiration of a two year written lease, appellant filed her complaint to evict appellees after they refused to vacate the residential premises at 2760 Southeast 13th Court in Pompano Beach. A deputy sheriff served process by posting the premises pursuant to Section 48.183, Florida Statutes (1981). Appellees answered and raised as affirmative defenses the existence of a written or oral lease extension for another two years at the same terms as the original lease. Appellees also counterclaimed for the delivery of a written lease renewal. Following a trial on the merits, the county court found no oral lease extension and ordered appellees evicted. Appellees filed a notice of appeal with the circuit court.
Eight months later, while still on appeal, appellees moved to quash the service by posting in this case because the United States Supreme Court in Greene v. Lindsey, 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982), had declared service of process by posting alone unconstitutional. The circuit court relinquished jurisdiction to allow the county court to rule on the motion to quash service. The county court, after a hearing, orally denied the motion to quash. Appel-lees returned to circuit court, requesting it to either rule on their motion to quash service of process or quash the county court’s oral denial of that motion. The circuit court quashed service of process, notwithstanding appellant’s argument that ap-pellees waived any defects in service of process by proceeding to trial on the merits in the county court. This timely non-final appeal followed.
Appellant contends here, as she did before the county and circuit courts, that ap-pellees waived any defects in service by their total participation in the underlying action. We agree and reverse the order quashing service.
Appellees answered the eviction complaint, counter-claimed for affirmative relief, participated fully in the trial on the merits in county court and appealed the adverse county court decision to the circuit court before raising the service of process issue. The long-standing rule in Florida is that any pleading to the merits waives all defects in service of process. Sternberg v. Sternberg, 139 Fla. 219, 190 So. 486 (1939); Krasnosky v. Krasnosky, 282 So.2d 186 (Fla. 1st DCA 1973); First Wisconsin National Bank of Milwaukee v. Donian, 343 So.2d 943 (Fla. 2d DCA 1977), cert. denied, 355 So.2d 513 (Fla.1978). Appellees’ argument that a waiver of defenses cannot be found because the eviction action proceeded under a summary procedure rather than under the rules of civil procedure is belied by the following portions of the summary procedure statute:
All defenses of law or fact shall be contained in defendant’s answer which shall be served within 5 days after service of process. . . . All defensive motions, including motions to quash, shall be heard by the court prior to trial.
Section 51.011(1), Florida Statutes (1981).
Appellees contend that the Supreme Court’s decision in Greene v. Lindsey, supra, was properly applied by the circuit court in the ease at bar because Greene created a “changed law” situation after this case was heard on the merits. Our examination of Greene finds no support for this contention. The residents served by posting under the Kentucky statute declared unconstitutional in Greene lived in a housing project and claimed that they did not see or learn of any pending eviction proceedings until they received writs of possession, executed after the entry of default judgments against them and after the time had lapsed to take an appeal. The Greene majority noted the failure of service by posting to provide actual notice to the Kentucky tenants.
But whatever the efficacy of posting in many cases, it is clear that, in the circumstances of this case, merely posting notice on an apartment door does not satisfy minimum standards of due process. In a significant number of instances, reliance on posting pursuant to the provisions of § 454.030 results in a failure to provide *1039 actual notice to the tenant concerned. Indeed, appellees claim to have suffered precisely such a failure of actual notice.
Id. at 102 S.Ct. 1879. Greene neither says nor implies that an eviction defendant who receives actual notice by posting cannot waive any constitutional due process defect by actively litigating the eviction. Appel-lees’ “changed law” argument has no merit in light of their actual notice of service and active litigation of the issues.
We would add our comment that Section 48.183, Florida Statutes (1981), which allows service by posting in an action for possession of residential premises, appears to be substantially the same as the Kentucky posting statute struck down by the Supreme Court in Greene v. Lindsey, supra. The legislature may wish-to review Section 48.183 and make such changes as may be necessary to meet the due process objections raised in Greene.
Accordingly, we reverse the order quashing service of process and remand to the circuit court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
LETTS, C.J., and ANSTEAD, J., concur.