438 So.2d 408 (1983)
William J. GOTTSCHAMER and Nancy Gottschamer, Appellants,
v.
AUGUST, THOMPSON, SHERR, CLARK & SHAFER, P.C., a Michigan Corporation, Appellee.
No. 82-2447.
District Court of Appeal of Florida, Second District.
September 2, 1983.
Rehearing Denied October 10, 1983.
*409 Michael S. Wilson, Orlando, for appellants.
Ted B. Edwards of Akerman, Senterfitt & Eidson, Orlando, for appellee.
SCHOONOVER, Judge.
This is an appeal from an order determining the amount of set-off the guarantors of a promissory note and mortgage are entitled to as a result of a foreclosure sale. The trial court allowed a set-off in the amount of $186,500, the value of the property determined at a hearing, and not $195,000, the amount bid at the foreclosure sale. We reverse.
The appellee was the owner and holder of a note and mortgage in the amount of $165,000 executed by Gottschamer & Gottschamer, Inc., a Florida corporation, and guaranteed by the appellants, William J. Gottschamer and Nancy Gottschamer. After the corporation defaulted, the appellee, August, Thompson, Sherr, Clark & Shafer, P.C., a Michigan corporation, filed a foreclosure action against it and added a count in their complaint seeking damages against the appellants on the guaranty. The foreclosure action was stayed because of a suggestion of bankruptcy filed by the corporation, but the trial court entered a final summary judgment against the appellants, in the total amount of $197,671.56. After the corporation's bankruptcy action had been concluded, a final summary judgment on the foreclosure action was entered. A foreclosure sale was held, and the appellee bid the amount of $195,000 and subsequently received a certificate of title in its name.
At a subsequent hearing to determine the value of the property and the amount of the set-off to which the appellants are entitled, the court determined that the market value of the property was $186,500. An order was then entered allowing the appellee to execute on its judgment to the extent of the difference between that amount and the amount of the judgment plus accrued interest thereon.
We disagree with the appellants' contention that the appellee's election to join its claim against the appellants in the foreclosure action precluded the appellee from obtaining a judgment against the appellants until the amount of the deficiency had been determined in the foreclosure action. A suit on a promissory note or the foreclosure of a mortgage securing that note are not inconsistent remedies available to a mortgagee, and pursuit of one without satisfaction is not a bar to the other. Klondike, Inc. v. Blair, 211 So.2d 41 (Fla. 4th DCA 1968). Similarly, a suit on a guaranty and a foreclosure action are not inconsistent remedies, and therefore pursuit of either of those remedies without satisfaction is not a bar to the pursuit of the other. See Klondike v. Blair; Spencer v. American Advisory Corp., 338 So.2d 62 (Fla. 3d DCA 1976).
We, however, agree with the appellants' argument that since the price bid at the foreclosure sale was higher than the trial court's determination of the market value of the property, they were entitled to a set-off in the amount of the price bid at the sale. When the amount bid at the foreclosure sale is higher than the fair market value of the property subject to the mortgage, the amount bid must be applied to the debt as fixed by the final judgment. We agree with the First District Court of Appeal's holding in the case of Provident National Bank v. Thunderbird, Assoc., 364 So.2d 790 (Fla. 1st DCA 1978), wherein the court stated:
The amount for which a mortgaged property sells at foreclosure sale, whether to the mortgagee or to a stranger, is (less such costs and expenditures as provided in the final judgment of foreclosure) applied to the debt as fixed by the final judgment of foreclosure. Although the amount for which mortgaged property sells at a properly conducted foreclosure sale is not conclusive as to the value of the property nor the right to a deficiency judgment, the deficiency may not exceed the difference between the amount for which the property so sold and the amount of the indebtedness secured by the final judgment of foreclosure.
Id. at 795.
Accordingly, since the price bid at the foreclosure sale was higher than the fair *410 market value of the property, the appellants should have received a set-off in the amount of $195,000.
REVERSED and REMANDED for proceedings consistent with this opinion.
BOARDMAN, A.C.J., and GRIMES, J., concur.