550 So.2d 65 (1989)
J. Ray HATTON and Betty B. Hatton, Appellants,
v.
BARNETT BANK OF PALM BEACH COUNTY, Appellee.
No. 88-00951.
District Court of Appeal of Florida, Second District.
September 6, 1989.
Rehearing Denied October 17, 1989.
*66 Robert L. Donald of Pavese, Garner, Haverfield, Dalton, Harrison & Jensen, Lehigh Acres, for appellants.
Lisa A. Miller and Patrick E. Quinlan of Moyle, Flanigan, Katz, FitzGerald & Sheehan, P.A., West Palm Beach, for appellee.
DANAHY, Acting Chief Judge.
In this appeal, the appellants, Mr. and Mrs. Hatton, raise several procedural and substantive issues regarding deficiency final judgments entered against Mr. Hatton as general partner of a limited partnership which owned real property upon which the mortgage was foreclosed, and against both Hattons as personal guarantors of the promissory note secured by the mortgage. Of the several issues raised, we find only one mandates our reversal.
On a preliminary issue, the appellee contends that we do not have jurisdiction to review the deficiency judgment entered against Mr. Hatton as general partner because the notice of appeal from that judgment was not timely filed. We disagree. Mr. Hatton's motion after entry of this final judgment against him alone is styled "Motion for Relief from Deficiency Final Judgment; Motion for Rehearing." Motions for relief from judgments are filed pursuant to Florida Rule of Civil Procedure 1.540; motions for rehearing are filed pursuant to rule 1.530. The former do not suspend rendition of the final judgment (and therefore do not toll the time for filing an appeal) but the latter do. Mr. Hatton timely filed this appeal from the final judgment of deficiency which was rendered upon the denial of his motion for rehearing.
We begin our discussion by commenting briefly on the issues which we affirm. Although Mr. Hatton claims that he did not receive sufficient notice of the hearing on the appellee's motion for deficiency final judgment against him as general partner, the record contains competent evidence upon which the trial court based its finding that he received sufficient actual notice of the hearing and voluntarily chose not to attend or have counsel attend. Furthermore, the court was authorized to enter the deficiency final judgment against him as general partner and as an individual guarantor even though during a portion of the original foreclosure proceedings he had filed a petition for personal bankruptcy as opposed to a bankruptcy of the partnership. See In re Dreske, 25 B.R. 268 (Bkrtcy.E.D.Wis. 1982). At the time of the deficiency proceedings the bankruptcy proceeding had been dismissed.
The remaining nonmeritorious points raised by the Hattons have to do with whether Mrs. Hatton was ever properly served in the original foreclosure action to bring her within the court's jurisdiction and whether there remained disputed factual issues which would preclude summary judgment on the Hattons' personal guarantees. The record itself belies the first point because it shows that Mrs. Hatton made a general appearance when she took some steps acknowledging the court's jurisdiction in the original proceedings, without objecting to the arguably defective service at the first opportunity, thus waiving this issue. See Sternberg v. Sternberg, 139 Fla. 219, 190 So. 486 (1939), and Meyer v. Roesel, 482 So.2d 444 (Fla. 2d DCA 1986). On the second point, we find that the disputed factual issues, which the appellants alleged as remaining unresolved, were not properly raised in the trial court because they were presented to the trial court in a manner which can be characterized as "too little, too late." The trial court did not err in determining that there remained no material factual disputes, either procedurally or substantively.
We turn now to the issue upon which we reverse. The Hattons correctly contend that the trial court erred when it used an incorrect measure of damages to determine the amount of the deficiency final judgment. We do not need to give an exhaustive factual chronology of the foreclosure and deficiency proceedings which started in September of 1984 with the filing of the complaint for foreclosure. Suffice it *67 to say that a second mortgage encumbering real property, held by the appellee, went into default and the property was ultimately sold at judicial foreclosure sale to satisfy this second mortgage. At the sale, the appellee was the only bidder and subsequently received certificate of title. When the appellee moved for a deficiency final judgment against Mr. Hatton as the general partner of the mortgagor partnership, and against both Hattons as guarantors of the note secured by this second mortgage, the trial court granted the deficiency final judgment in the total amount of the original foreclosure judgment. The court, however, gave no credit to the appellants for the amount for which the property sold at the judicial sale. The appellants contend that this was clear error since:
[t]he amount for which a mortgaged property sells at foreclosure sale, whether to the mortgagee or to a stranger, is ... applied to the debt as fixed by the final judgment of foreclosure. Although the amount for which mortgaged property sells at a properly conducted foreclosure sale is not conclusive as to the value of the property nor the right to a deficiency judgment, the deficiency may not exceed the difference between the amount for which the property so sold and the amount of the indebtedness secured by the final judgment of foreclosure.

Provident National Bank v. Thunderbird Associates, 364 So.2d 790, 795 (Fla. 1st DCA 1978) (emphasis added). This court followed Provident National Bank in a case involving an action for a deficiency judgment against a guarantor. Gottschamer v. August, Thompson, Sherr, Clark & Shafer, P.C., 438 So.2d 408 (Fla. 2d DCA 1983). Nothing has been cited to us, nor has our independent research disclosed, any other law than that laid out in Provident National Bank and Gottschamer.
In opposition, the appellee argues that these cases are distinguishable and do not apply here. The appellee seems to argue that in Gottschamer, the mortgagee there, who was also the successful bidder at the judicial sale, did not subsequently lose the property. As the appellee points out in the case before us, after the time it received its certificate of title from the judicial sale, but before moving for the deficiency judgment, it lost title to the property when the first mortgagee foreclosed, thus extinguishing the appellee's inferior interest. The appellee thus claims it never received any "proceeds" from a resale of the property, or otherwise, to apply to the amount owed it as determined in the final judgment of foreclosure; such amount to be set-off against the appellants' debt. Therefore, the appellee contends that Gottschamer cannot apply to this case. We find the distinction between the instant case and Gottschamer, urged on us by the appellee, to be irrelevant to the legal issue we must resolve. We note that we are not called upon, and therefore do not decide the issue of the duty of the second mortgagee/current title holder to protect its title against the threat of the first mortgagee foreclosing, and the effect of carrying out such a threat, on the second mortgagee's entitlement to a deficiency judgment.
As between these appellants and this appellee, the fact that the appellee subsequently lost title to the property to a superior lienholder has no effect on our holding. We find no appreciable distinction between the appellants' cited cases and the situation before us. The mortgagee in Provident National Bank, against whom its bid at the judicial sale the trial court there directed as a set-off, was, like the appellee here, a second mortgagee. Moreover, there is no indication in Provident National Bank or Gottschamer that either mortgagee, each the successful bidder at the judicial sale and each the party seeking the deficiency judgment, still held the property. Even if the mortgagees in Provident National Bank and Gottschamer still held title to the properties there, this would be a minimal factual distinction and would not affect the legal principles outlined in those two cases. Provident National Bank and Gottschamer remain good law and applicable to the facts sub judice. Quoting from an analogous and persuasive case which dealt with a dispute between a trustee in *68 bankruptcy and a purchaser of property at a distress sale, the First District Court of Appeal in Provident National Bank aptly pointed out:
[Appellant, the purchaser of the property at the distress sale who later sold it at a loss] urges that the only benefit to it was its realization upon the sale of the property and it should not be required to account for an amount in excess of the value which it received. No authorities are cited to support the rule for which the appellant contends. It urges that it should be relieved from the effect of what it claims was an overbid made in keeping with a custom of creditors to bid at execution sales the amount of the judgment plus costs. Plausible as this entreaty may, at first blush, appear, it cannot be sustained upon any legal theory. A creditor, who causes a debtor's property to be sold, and becomes the purchaser at a judicial sale, stands in the same position at and after the sale of the property as would a stranger whose bid was accepted. City of Sanford v. Ashton, 131 Fla. 759, 179 So. 765 [1938]. Since the creditor acquires the same rights as a high bidding stranger would acquire, it is proper to impose upon it the same duties and obligations as are cast upon a third party successful bidder and to hold it to the amount of its bid. The appellant is saying in effect, that it did not get value received for its bid. Its contention is that the goods which it bought were an inadequate consideration for the amount which it bid. In the absence of fraud, misconduct, mistake, accident, surprise or irregularity, a judicial sale will not be set aside where the consideration for the property sold is inadequate. City of Sanford v. Ashton, supra; 33 C.J.S. Executions § 233, p. 492. We think the same principle should apply where the claim is made that the consideration for the bid price is inadequate.
City Building Corp. v. Farish, 292 F.2d 620, 622-23 (5th Cir.1961), quoted in Provident National Bank, 364 So.2d at 796. We find this argument equally compelling in the case before us.
In following Provident National Bank to the effect that an amount must be credited to the judgment debtor after the judicial sale, this court in Gottschamer directed, on remand, that the higher of either the successful bid at the judicial sale or the fair market value at the time of the judicial sale be set-off the amount as fixed in the final judgment of foreclosure in order to find the correct amount in the deficiency final judgment. The law as set out in these two cases leads us to a conclusion that the final deficiency judgments should be reversed and the cause remanded for further evidentiary proceedings to find the correct amounts to be credited to appellants before determining the amount of the final deficiency judgments against Mr. Hatton as general partner and Mr. and Mrs. Hatton as personal guarantors.
Reversed and remanded for proceedings consistent herewith.
SCHOONOVER and HALL, JJ., concur.