PER CURIAM.
Connie A. Trevino, cross-plaintiff below, appeals an order setting aside her cross-claim judgment against Harry Chadderton, cross-claim defendant below. We affirm.
The cross-claim at issue here was served on Chadderton by mail, not by summons. Since service was effected prior to January 1, 1989, it was controlled by the 1988 version of Rule 1.170(g), Florida Rules of Civil Procedure. This court had construed the former rule to hold “that cross-claims against co-defendants require service by summons unless, which is not the case here, that requirement is waived.” Elliott Enterprises, Inc. v. Serota, 436 So.2d 415, 416 (Fla. 3d DCA 1983) (citing Fundaro v. Canadiana Corp., 409 So.2d 1099, 1100 (Fla. 4th DCA 1982)); see also Keithie’s Roofing Co. v. Lee Parks Apartments, Inc., 461 So.2d 965 (Fla. 3d DCA 1984) (default judgment invalid for lack of jurisdiction where defendant “was not served with process on the cross-claim as required.”). Fundaro, Elliott, and Keithie’s were overruled by the 1988 amendment to Rule 1.170, which took effect on January 1, 1989. In re Amendments to Rules of Civil Procedure, 536 So.2d 974, 975, 976 (Fla. 1988); Fla.R.Civ.P. 1.170 (1989) (Committee Note).
Under the 1988 version of the Rule, which was in effect at the time of the service of the cross-claim, service. should have been made by summons. Acquisition Corp. of America v. American Cast Iron Pipe Co., 543 So.2d 878, 881 (Fla. 4th DCA 1989) (amendment to Florida Rule of Civil Procedure 1.170(g), effective Jan. 1, 1989, does not apply where “amendment was not in effect at the time this action was heard in the trial court.”). Since that was not done, and since defendant did not otherwise make an appearance which would waive the objection, the trial court was entirely correct in granting relief from judgment under Rule 1.540(b)(4), Florida Rules of Civil Procedure. See Falkner v. AmeriFirst Fed. Sav. & Loan Ass’n, 489 So.2d 758, 759 (Fla. 3d DCA 1986).
Affirmed.