759 So.2d 706 (2000)
BAILEY, HUNT, JONES & BUSTO, a professional association, Appellant,
v.
Philip J. SCUTIERI, Jr., The Sunrise Club, Inc., Sundale Associates, Ltd., Sundale, Inc., and Associated American Development, Corp., Appellees.
No. 97-3283.
District Court of Appeal of Florida, Third District.
April 19, 2000.
Rehearing Denied June 21, 2000.
Bailey Harper Cronig Baker Arencibia & Agudo, and Guy Bailey, Miami, and Raul A. Arencibia, Coral Gables, and Tracy L. Kramer, Miami, for appellant.
Barry I. Finkel, Fort Lauderdale, for appellees.
Before LEVY, GODERICH and GREEN, JJ.
PER CURIAM.
The law firm of Bailey Hunt Jones & Busto, ("Bailey Hunt") appeals a final order dismissing its action for attorney's fees based upon its failure to timely effectuate service of process against the appellees within 120 days, as prescribed by rule 1.070(j), Florida Rules of Civil Procedure. The firm argues, and we agree, that where the appellees not only sought affirmative relief in this cause but also actively litigated this case for several years, any objection to service under rule 1.070(j) was waived. We therefore conclude that the *707 trial court abused its discretion in dismissing this case and reverse.
According to the allegations in this case, in 1984, appellee Philip Scutieri, Jr. and his corporations, appellees The Sunrise Club Inc., Sundale Associates, LTD., Sundale, Inc. and Associated American Development Corp. (collectively "Scutieri") initially retained Bailey Hunt's predecessor firm, Bailey and Dawes, P.A. to represent them in their litigation against Southeast First National Bank, N.A. In the retainer agreement, Scutieri agreed to pay Bailey Hunt a non-refundable retainer fee of $130,000 plus 25% of any monies recovered. Later, Scutieri also retained Bailey Hunt to provide legal services in several other pending lawsuits including Scutieri v. Revitz, case nos. 83-2432-Civ Hoeveler and 83-2302-Civ Hoeveler. Scutieri agreed to pay Bailey Hunt an additional non-refundable retainer fee of $130,000. In addition, Bailey Hunt reduced its contingency to 22½% of any monies recovered in all suits.
Bailey Hunt maintains that it performed its obligations under the retainer agreements. Moreover, Bailey Hunt contends that it was ready, willing, and able to perform and continue to perform under the agreements when Scutieri terminated the firm in April 1987 and retained new counsel. When Scutieri obtained favorable judgments in his federal lawsuits, Bailey Hunt claimed that it became entitled to attorney's fees pursuant to its amended retainer agreement with Scutieri and filed a charging lien.
When Scutieri refused to pay, Bailey Hunt filed the instant action in the state court below on October 14, 1993. Bailey Hunt's original complaint contained four counts: (1) foreclosure of charging lien; (2) breach of contract; (3) quantum merit; and (4) unjust enrichment. Prior to serving the appellees, however, Bailey Hunt sua sponte amended its complaint on February 8, 1994, added the Federal Deposit Insurance Corporation ("FDIC"), as receiver for Southeast Bank, N.A., as a party to this action and also added three new counts: (5) claim for incorporation of a 25% contingency pursuant to express terms of engagement; (6) fraud; and (7) conspiracy.
Summonses for service of process were issued on the same day that Bailey Hunt filed its amended complaint. From the date of the filing of Bailey Hunt's original complaint on October 14, 1993, until the date that summonses for the amended complaint were issued on February 8, 1994, only three days remained for Bailey Hunt to comply with the 120-day service requirement pursuant to rule 1.070(j). Bailey Hunt failed to serve Scutieri[1] within this remaining three-day period but did timely serve Sundale Associates, Ltd. and Associated American Development Corp.
On March 10, 1994, the FDIC filed its petition for the removal of this case to the United States District Court for the Southern District of Florida pursuant to 12 U.S.C. section 1819(b)(2)(A). The petition was granted and this case was removed to federal court. The appellees filed their answer, counterclaim, and affirmative defenses in the federal proceeding on April 4, 1994; among the affirmative defenses raised was the defense of untimely service of process.
Thereafter, the parties began to actively litigate this action in federal court. In fact, the appellees moved and were granted final summary judgment in their favor by the district court on counts one, two, four, and five of Bailey Hunt's amended complaint. Further a motion for judgment on the pleadings was granted in appellees' favor as to count six. Accordingly, only counts three and seven for quantum meruit and conspiracy, respectively remained.
*708 The FDIC, who had been named as a co-conspirator in count seven, moved for judgment on the pleadings or summary judgment on this count. This motion was granted on September 20, 1996. This lawsuit had been removed to federal court solely because of the FDIC's presence as a party in count seven of the amended complaint. Thus, with the dismissal of the FDIC as a party, the federal court no longer had subject matter jurisdiction over this suit and it was ordered to be remanded back to state court. Prior to being sent back to state court, however, the appellees moved to dismiss the remaining count of the amended complaint, with prejudice, based upon Bailey Hunt's failure to perfect service within 120 days of the commencement of this action. Bailey Hunt filed its response to this motion, but before any ruling on the motion by the federal court could be made, the case was transferred back to state court.
Upon its remand, the trial court conducted three hearings on the appellees' motion to dismiss for failure to timely effectuate service of process. Bailey Hunt argued that it had acted diligently in attempting to serve the appellees within 120 days and that the appellees had nevertheless waived their challenge to the service by seeking affirmative relief and actively litigating this case in federal court for over three years prior to seeking dismissal for untimely service of process. The trial court, however, granted the motion concluding that Bailey Hunt had not exercised diligence in serving its complaint and that the appellees had not waived this defense by seeking affirmative relief where they raised it in their first responsive pleading. Bailey Hunt instituted this appeal.
We need not address the lower court's findings as to Bailey Hunt's diligence in serving the appellees as we conclude that the lower court's findings that the appellees had not waived their challenge to the timeliness of service was error, as a matter of law. The longstanding rule in Florida has been that if a defendant files any pleading to merits of the case the defendant waives all challenges to service of process or jurisdiction. See Babcock v. Whatmore, 707 So.2d 702 (Fla.1998); Sternberg v. Sternberg, 139 Fla. 219, 190 So. 486 (1939); Hager v. Illes, 431 So.2d 1037 (Fla. 4th DCA 1983); Fundaro v. Canadiana Corp., 409 So.2d 1099 (Fla. 4th DCA 1982); Royal Indus., Inc. v. Birdsong, 340 So.2d 526 (Fla. 1st DCA 1976); Krasnosky v. Krasnosky, 282 So.2d 186 (Fla. 1st DCA 1973). By filing pleadings for affirmative relief while this cause was pending in the federal court, and actively litigating this case for three years, the appellees have long since waived any challenge to the timeliness of Bailey Hunt's initial service of process. The trial court's dismissal of this cause therefore was an abuse of discretion and we reverse the same.
Reversed and remanded for further proceedings.
NOTES
[1] Although Bailey Hunt served appellees Sundale Associates Ltd. and Associated American Development Corp. within this three day period, the trial court found this service to be ineffective because Bailey Hunt served a person not authorized to accept service on their behalf.