536 So.2d 974 (1988)
In re AMENDMENTS TO RULES OF CIVIL PROCEDURE.
No. 72183.
Supreme Court of Florida.
October 6, 1988.
Motion for Clarification December 30, 1988.
Rutledge R. Liles, President, Jacksonville, Stephen N. Zack, President-elect, Miami, and John F. Harkness, Jr., Executive Director, Tallahassee, of The Florida Bar; and Bruce J. Berman, Chairman, The Florida Bar, Civil Procedure Rules Committee, *975 Miami, and Henry Latimer, Former Chairman, The Florida Bar, Civil Procedure Rules Committee, Fort Lauderdale, for petitioner.
Henry P. Trawick, Jr., Sarasota, Joseph P. Klock, Jr., Miami, and Ira Abrams, Coconut Grove, respondent to petition.
PER CURIAM.
The Civil Procedure Rules Committee of The Florida Bar has submitted its quadrennial report of proposed changes in the Florida Rules of Civil Procedure. After full consideration of the recommendations of the Civil Rules Committee, the action of the Board of Governors on each proposed rule change, and comments of interested members of the Bar and of lay persons or organizations, we amend the rules as set forth below. While we have adopted in large part the committee's recommendations, we have modified the proposed rules where necessary and have amended several rules which the committee did not address to conform with other amendments. The committee's recommended change to Rule 1.580 (Writ of Possession) was rejected by the Court.
The most controversial recommendation was the committee's proposed change to Rule 1.360 dealing with physical and mental examination. The rule change, as proposed, not only provided for examination of persons by experts other than physicians, it also allowed examination, upon request, without court order. The Board of Governors was unanimously opposed to the proposed rule change and submitted its own proposed rule. The Board was opposed to any examination without court order, but recognized a change is needed in the area of personal injury litigation. The Board was particularly concerned about abuse in the area of domestic relations cases and other non-personal injury cases. We share the Board's concerns and adopt its proposed rule with only minor modifications.
A brief explanation of substantive changes follows.
Subsection (j) was added to Rule 1.070 to require plaintiffs to cause service of original summons within 120 days of filing the complaint absent good cause for further delay.
Subsection (a) of Rule 1.140 was amended to fix a time within which amended pleadings, responsive pleadings or more definite statements which are permitted or required by the court and responses to those pleadings or statements must be served when no time is fixed by the court.
Subsection (g) of Rule 1.170 was amended to clarify that cross-claims must be served as initial pleadings only against a party who has not previously entered an appearance in the action.
Subsection (a) of Rule 1.190 was amended to conform with the 10-day time requirement of subsection 1.140(a)(3).
A new subsection (5) has been added to Rule 1.200 to clarify that case management conferences may be used for scheduling the disclosure of expert witnesses and the discovery of the opinion and factual information held by those experts.
Subsection (b)(2) has been added to Rule 1.280 to enable discovery of the existence and contents of indemnity agreements. Subsection (b)(3)(A) (renumbered (b)(4)(A)) of Rule 1.280 was amended to allow, without leave of court, depositions of experts who are expected to be used at trial. Subsection (b)(4)(D) was added to Rule 1.280 to define the term "expert" as used in the rules.
Subsection (b)(4) of Rule 1.310 was amended to provide for depositions by videotape. Subsection (c) of Rule 1.310 was amended to provide for the taking of depositions by telephone.
Subsection (a) of Rule 1.340 was amended to enlarge the total number of interrogatories which may be propounded without leave of court from 25 to 30.
Rule 1.360 was amended to allow for examination of a person by experts other than physicians.
Rule 1.380 was amended to conform with the amendment to Rule 1.360.
Subsection (c) of Rule 1.390 was amended to clarify the procedure to be used in *976 paying an expert witness for his or her appearance at a deposition.
A new subsection (f) of Rule 1.431 was added to assure the right to "back-strike" prospective jurors until the entire panel has been accepted in civil cases.
Subsection (c) of Rule 1.440 was amended to eliminate confusion regarding notice for trial.
Rule 1.460 was amended to conform with Rule 2.085(c), Florida Rules of Judicial Administration.
Subsection (b) of Rule 1.470 was amended to require the court to specifically inform counsel of the charges it intends to give and to encourage the court to furnish written copies of their charges to juries.
Form 1.948 was amended to eliminate the words "third party plaintiff."
Form 1.923 was added to inform those sought to be evicted of the procedure they must follow to resist eviction.
Form 1.902(b) was added as a second form to be used for personal service on individuals. This form notifies defendants or respondents of their obligations to respond.
Form 1.975 was amended to provide a more extensive financial affidavit to be used in dissolution of marriage cases. This change is consistent with the child support guidelines set forth in section 61.30, Florida Statutes (1987). The need for an amendment to this form was brought to the Court's attention in connection with a challenge to Administrative Order 1.830 of the Eighth Judicial Circuit of Florida which directed members of the Bar, when required by Florida Rule Civil Procedure 1.611(a), to file an affidavit specifying financial circumstances, to use the more extensive form of financial affidavit that we adopt herein. Administrative Order No. 1.830  Eighth Judicial Circuit, no. 72,682.
The appended amended and new provisions of the Florida Rules of Civil Procedure, including new and amended forms, will become effective at 12:01 a.m., January 1, 1989. Deletions are indicated by the use of struck-through type; new language is indicated by underscoring. Committee comments are included for explanation and guidance only and are not adopted as an official part of the rules.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

ON MOTION FOR CLARIFICATION
PER CURIAM.
The motion for clarification filed by Henry P. Trawick, Jr. is granted to the extent reflected in the appended amended and new provisions of the Florida Rules of Civil Procedure, including new and amended forms, which will become effective at 12:01 a.m., January 1, 1989. The motion is denied as to all matters not addressed therein.
The Civil Rules Committee has added a sentence to the committee note to Rule 1.340 explaining that the amendment to subdivision (a) of that rule was not intended to change any other requirements of the rule.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

APPENDIX
 CIVIL RULES
RULE 1.070. Process.
 (a) (NO CHANGE)
 (b) (NO CHANGE)
 (c) (NO CHANGE)
 (d) (NO CHANGE)
 (e) (NO CHANGE)
 (f) (NO CHANGE)
 (g) (NO CHANGE)
 (h) (NO CHANGE)
 (i) (NO CHANGE)
 (j) Summons  Time Limit. If service of the initial process
and initial pleading is not made upon a defendant within 120 days
*977 after filing of the initial pleading and the party on whose
behalf service is required does not show good cause why service
was not made within that time, the action shall be dismissed
without prejudice or that defendant dropped as a party on the
court's own initiative after notice or on motion. Committee
Note: Subdivision (j) has been added to require plaintiffs to
cause service of original summons within 120 days of filing the
complaint absent good cause for further delay.
RULE 1.140. Defenses.
 (a) When Presented.
 (1) A defendant shall serve his answer within 20 days after
service of original process and the initial pleading on him, or
not later than the date fixed in a notice by publication. A party
served with a pleading stating a cross-claim against him shall
serve an answer to it within 20 days after service on him. The
plaintiff shall serve his answer to a counterclaim within 20 days
after service of the counterclaim. If a reply is required, the
reply shall be served within 20 days after service of the answer.
 (2) The service of a motion under this rule, except a motion
for judgment on the pleadings or a motion to strike under
subdivision (f), alters these periods of time so that if the
court denies the motion or postpones its disposition until the
trial on the merits, the responsive pleadings shall be served
within 10 days after notice of the court's action or if the court
grants a motion for a more definite statement, the responsive
pleadings shall be served within 10 days after service of the
more definite statement unless a different time is fixed by the
court in either case.
 (3) If the court permits or requires an amended or responsive
pleading or a more definite statement, the pleading or statement
shall be served within 10 days after notice of the court's
action. Responses to the pleadings or statements shall be served
within 10 days of service of the pleadings or statements.
 (b) (NO CHANGE)
 (c) (NO CHANGE)
 (d) (NO CHANGE)
 (e) (NO CHANGE)
 (f) (NO CHANGE)
 (g) (NO CHANGE)
 (h) (NO CHANGE)
Committee Note: The amendment to subdivision (a) is to fix a time
within which amended pleadings, responsive pleadings, or more
definite statements required by the court and responses to those
pleadings or statements must be served when no time limit is
fixed by the court in its order. The court's authority to alter
these time periods is contained in Rule 1.090(b).
RULE 1.170. Counterclaims and Cross-Claims.
 (a) (NO CHANGE)
 (b) (NO CHANGE)
 (c) (NO CHANGE)
 (d) (NO CHANGE)
 (e) (NO CHANGE)
 (f) (NO CHANGE)
 (g) Cross-Claim Against Co-Party. A pleading may state as a
cross-claim any claim by one party against a co-party arising out
of the transaction or occurrence that is the subject matter of
either the original action or of a counterclaim therein or
relating to any property that is the subject matter of the
original action. The cross-claim may include a claim that the
party against whom it is asserted is or may be liable to the
cross-claimant for all or part of a claim asserted in the action
against the cross-claimant. Service of a cross-claim on a party
who has appeared in the action shall be made pursuant to Rule
1.080(b). Service of a cross-claim against a party who has not
appeared in the action shall be made in the manner provided for
service of summons.
 (h) (NO CHANGE)
 (i) (NO CHANGE)
 (j) (NO CHANGE)
Committee Note: The last two sentences were added to subdivision
(g) to counter the construction of these rules and Section
48.031(1), Florida Statutes, by an appellate court in Fundaro v.
Canadiana Corp., 409 So.2d 1099 (Fla.App. 1982), to require
service
*978 of all cross-claims with summons pursuant to Rule 1.070. The
purpose of this amendment is to make it clear that cross-claims
must be served as initial pleadings only against a party who has
not previously entered an appearance in the action.
RULE 1.190. Amended and Supplemental Pleadings.
 (a) Amendments. A party may amend his pleading once as a matter
of course at any time before a responsive pleading is served or,
if the pleading is one to which no responsive pleading is
permitted and the action has not been placed on the trial
calendar, he may so amend it at any time within 20 days after it
is served. Otherwise a party may amend his pleading only by leave
of court or by written consent of the adverse party. Leave of
court shall be given freely when justice so requires. A party
shall plead in response to an amended pleading within 20 10
days after service of the amended pleading unless the court
otherwise orders.
 (b) (NO CHANGE)
 (c) (NO CHANGE)
 (d) (NO CHANGE)
 (e) (NO CHANGE)
RULE 1.200. Pretrial Procedure.
 (a) Case Management Conferences. At any time after responsive
pleadings or motions are due, the court may itself or on motion
of a party convene a case management conference. The matter to be
considered shall be specified in the order setting the
conference. At such a conference the court may:
 (1) (NO CHANGE)
 (2) (NO CHANGE)
 (3) (NO CHANGE)
 (4) (NO CHANGE)
 (5) schedule disclosure of expert witnesses and the discovery
of facts known and opinions held by such experts;
 (5)(6) (NO CHANGE EXCEPT RENUMBERING)
 (6)(7) (NO CHANGE EXCEPT RENUMBERING)
 (7)(8) (NO CHANGE EXCEPT RENUMBERING)
 (8)(9) (NO CHANGE EXCEPT RENUMBERING)
 (9)(10) (NO CHANGE EXCEPT RENUMBERING)
 (b) (NO CHANGE)
 (c) (NO CHANGE)
 (d) (NO CHANGE)
Committee Note: The purpose of adding subdivision (5) is to spell
out clearly for the bench and bar that case management
conferences may be used for scheduling the disclosure of expert
witnesses and the discovery of the opinion and factual
information held by those experts. Subdivision (5) is not
intended to expand discovery.
RULE 1.280. General Provisions Governing Discovery.
 (a) (NO CHANGE)
 (b) Scope of Discovery. Unless otherwise limited by order of
the court in accordance with these rules, the scope of discovery
is as follows:
 (1) (NO CHANGE)
 (2) Indemnity Agreements. A party may obtain discovery of the
existence and contents of an agreement under which any person may
be liable to satisfy part or all of a judgment that may be
entered in the action or to indemnify or to reimburse a party for
payments made to satisfy the judgment. Information concerning the
agreement is not admissible in evidence at trial by reason of
disclosure.
 (2)(3) (NO CHANGE EXCEPT RENUMBERING)
 (3)(4) Trial Preparation: Experts. Discovery of facts
known and opinions held by experts, otherwise discoverable under
the provisions of subdivision (b)(1) of this rule and acquired or
developed in anticipation of litigation or for trial, may be
obtained only as follows:
 (A) By interrogatories a party may require any other party to
identify each person whom the other party expects to call as an
expert witness at trial and to state the subject matter on which
the expert is expected to testify, and to state the substance
*979 of the facts and opinions to which the expert is expected to
testify and a summary of the grounds for each opinion. Any
person disclosed by interrogatories or otherwise as a person
expected to be called as an expert witness at trial may be
deposed in accordance with Rule 1.390 without motion or order of
court. Upon motion, the court may order further discovery
by other means, subject to such restrictions as to scope and
such other provisions pursuant to subdivision (b)(3)(C) of
this rule concerning fees and expenses as the court may deem
appropriate.
 (B) (NO CHANGE)
 (C) (NO CHANGE)
 (D) As used in these rules an expert shall be an expert
witness as defined in Rule 1.390(a).
 (c) (NO CHANGE)
 (d) (NO CHANGE)
 (e) (NO CHANGE)
Committee Note: Subdivision (b)(2) has been added to enable
discovery of the existence and contents of indemnity agreements
and is the result of the enactment of Sections 627.7262 and
627.7264, Florida Statutes, proscribing the joinder of insurers
but providing for disclosure. This rule is derived from FR
26(b)(2). Subdivisions (2) and (3) have been redesignated as (3)
and (4) respectively.
The purpose of the amendment to subdivision (b)(3)(A) (renumbered
(b)(4)(A)) is to allow, without leave of court, the depositions
of experts who have been disclosed as expected to be used at
trial. The purpose of the subdivision (b)(4)(D) is to define the
term "expert" as used in these rules.
RULE 1.310. Depositions Upon Oral Examination.
 (a) (NO CHANGE)
 (b) Notice; Method of Taking; Production at Deposition.
 (1) (NO CHANGE)
 (2) (NO CHANGE)
 (3) (NO CHANGE)
 (4) Upon motion, the court shall, subject to the provisions of
Rule 1.280(c) and the guidelines provided by Fla.R.Jud.Admin.
2.070(d), order that the testimony at a deposition be recorded on
videotape and may order that the testimony at a deposition be
recorded by other than stenographic means at the initial cost of
the movant. A party may also arrange for a stenographic
transcription at his own initial expense. Any deposition may be
recorded by videotape without leave of the court or stipulation
of the parties, provided the deposition is taken in accordance
with this subdivision.
 (A) Notice. A party intending to videotape a deposition shall
state in his notice that the deposition is to be videotaped and
shall give the name and address of the operator.
 (B) Stenographer. Videotaped depositions shall also be
recorded stenographically, unless all parties agree otherwise.
 (C) Procedure. At the beginning of the deposition, the officer
before whom it is taken shall, on camera: (i) identify the style
of the action; (ii) state the date; and (iii) swear the witness.
 (D) Custody of Tape and Copies. The attorney for the party
requesting the videotaping of the deposition shall take custody
of and be responsible for the safeguarding of the videotape and
shall permit the viewing of it by the opposing party, and, if
requested, shall provide a copy of the videotape at the expense
of the requesting party.
 (E) Cost of Videotaped Depositions. The party requesting the
videotaping shall bear the initial cost of videotaping.
 (5) (NO CHANGE)
 (6) (NO CHANGE)
 (7) (NO CHANGE)
 (c) Examination and Cross-Examination; Record of Examination;
Oath; Objections. Examination and cross-examination of witnesses
may proceed as permitted at the trial. The officer before whom
the deposition is to be taken shall put the witness on oath and
shall personally, or by someone acting under his direction and in
his presence, record the testimony of the witness. except that
when a deposition is being taken by telephone, the witness shall
be sworn
*980 by a person present with the witness who is qualified to
administer an oath in that location. The testimony shall be
taken stenographically or recorded by any other means ordered in
accordance with subdivision (b)(4) of this rule. If requested by
one of the parties, the testimony shall be transcribed at the
initial cost of the requesting party and prompt notice of the
request shall be given to all other parties. All objections made
at time of the examination to the qualifications of the officer
taking the deposition, or to the manner of taking it, or to the
evidence presented, or to the conduct of any party and any other
objection to the proceedings shall be noted by the officer upon
the deposition. Evidence objected to shall be taken subject to
the objections. Instead of participating in the oral examination,
parties may serve written questions in a sealed envelope on the
party taking the deposition and he shall transmit them to the
officer, who shall propound them to the witness and record the
answers verbatim.
 (d) (NO CHANGE)
 (e) (NO CHANGE)
 (f) (NO CHANGE)
 (g) (NO CHANGE)
 (h) (NO CHANGE)
Committee Note: The amendments to subdivision (b)(4) are to
provide for depositions by videotape as a matter of right.
The notice provision is to assure that specific notice is given
that the deposition will be videotaped and to disclose the
identity of the operator. It was decided not to make special
provision for a number of days' notice.
The requirement that a stenographer be present (who is also the
person likely to be swearing the deponent) is to assure the
availability of a transcript (although not required). The
transcript would be a tool to assure the accuracy of the
videotape and thus eliminate the need to establish other
procedures aimed at the same objective (like timeclocks in the
picture and the like). This does not mean that a transcript must
be made. As at ordinary depositions, this would be up to the
litigants.
Technical videotaping procedures were not included. It is
anticipated that technical problems may be addressed by the court
on motions to quash or motions for protective orders.
Subdivision (c) has been amended to accommodate the taking of
depositions by telephone. The amendment requires the deponent to
be sworn by a person authorized to administer oaths in the
deponent's location and who is present with the deponent.
RULE 1.340. Interrogatories to Parties.
 (a) Procedure for Use. Without leave of court, any party may
serve upon any other party written interrogatories to be answered
(1) by the party to whom the interrogatories are directed or, (2)
if that party is a public or private corporation or a partnership
or association or governmental agency, by any officer or agent,
who shall furnish the information available to that party.
Interrogatories may be served on the plaintiff after commencement
of the action and on any other party with or after service of the
process and initial pleading upon that party. InitialThe
interrogatories shall not exceed 2530, including all
subparts, unless the court permits a larger number on motion and
notice and onfor good cause. However,If the Supreme Court
has approved a form of interrogatories for the type of action,
the initial interrogatories shall be in the form approved by the
Court. Other interrogatories may be added to the approved forms
without leave of court, so long as the total of formapproved
and additional interrogatories does not exceed 2530, but
the burden of showing the necessity of the additional
interrogatories is on the proponent. Each interrogatory shall be
answered separately and fully in writing under oath, unless it is
objected to in which event the reasonsgrounds for objection
shall be stated instead of an answer. The answers shall be
signed by the person making them and the objections shall be
signed by the attorney making themit. The party to whom the
interrogatories are directed shall serve the answers and any
objections within 30 days after the service of the
interrogatories, except that a defendant may serve answers or
objections within 45
*981 days after service of the process and initial pleading upon that
defendant. The court may allow a shorter or longer time. The
party submitting the interrogatories may move for an order under
Rule 1.380(a) on any objection to or other failure to answer an
interrogatory.
 (b) (NO CHANGE)
 (c) (NO CHANGE)
 (d) (NO CHANGE)
 (e) (NO CHANGE)
Committee Note: The word "initial" in the 1984 amendment to
subdivision (a) resulted in some confusion, so it has been
deleted. Also the total number of interrogatories which may be
propounded without leave of court is enlarged to 30 from 25. Form
interrogatories which have been approved by the Supreme Court
must be used; and those so used, with their subparts, are
included in the total number permitted. The amendments are not
intended to change any other requirement of the rule.
RULE 1.360. Physical and Mental Examination of Persons.
[Former subdivision (a) is to be deleted and the following
substituted.]
 (a) Request; Scope.
 (1) A party may request any other party to submit to, or to
produce a person in his custody or legal control for, examination
by a qualified expert when the condition that is the subject of
the requested examination is in controversy.
 (A) When the physical condition of a party or other person
under subdivision (1) is in controversy, the request may be
served on the plaintiff without leave of court after commencement
of the action, and on any other person with or after service of
the process and initial pleading on that party. The request shall
specify a reasonable time, place, manner, conditions and scope of
the examination and the person or persons by whom the examination
is to be made. The party to whom the request is directed shall
serve a response within 30 days after service of the request,
except that a defendant need not serve a response until 45 days
after service of the process and initial pleading on that
defendant. The court may allow a shorter or longer time. The
response shall state that the examination will be permitted as
requested unless the request is objected to, in which event the
reasons for the objection shall be stated.
 (B) In cases where the condition in controversy is not
physical, including domestic relations and bastardy cases when
the blood group is in issue, a party may move for an examination
by a qualified expert as in subdivision (1). The order for
examination shall be made only after notice to the person to be
examined and to all parties, and shall specify the time, place,
manner, conditions and scope of the examination and the person or
persons by whom it is to be made.
 (2) An examination under this rule is authorized only when the
party submitting the request has good cause for the examination.
At any hearing the party submitting the request shall have the
burden of showing good cause.
 (3) Upon request of either the party requesting the
examination or the party or person to be examined, the court may
establish protective rules governing such examination.
[Subdivision (b) is amended as follows.]
 (b) Report of Examining PhysicianExaminer.
 (1) If requested by the party to whom a request for
examination or against whom an order is made under subdivision
(a)(1)(A) or (B) or by the person examined, the party
causingrequesting the examination to be made shall deliver to
him a copy of a detailed written report of the examining
physicianexaminer setting out his findings, including results
of all tests made, diagnosis and conclusions, with similar
reports of all earlier examinations of the same condition. After
delivery of the detailed written report, the party
causingrequesting the examination to be made shall be
entitled upon request to receive from the party to whom the
request for examination or against whom the order is made a
similar report of any examination of the same condition
previously or thereafter made, unless in the
*982 case of a report of examination of a person not a party the party
shows that he is unable to obtain it. On motion the court may
order delivery of a report on such terms as are just; and if
a physicianan examiner fails or refuses to make a report, the
court may exclude his testimony if offered at the trial.
 (2) By requesting and obtaining a report of the examination so
ordered or requested or by taking the deposition of the
examiner, the party examined waives any privilege he may have in
that action or any other involving the same controversy regarding
the testimony of every other person who has examined or may
thereafter examine him concerning the same mental or physical
condition.
 (3) This subdivision applies to examinations made by agreement
of the parties unless the agreement provides otherwise. This
subdivision does not preclude discovery of a report of an
examining physicianexaminer or taking the deposition of the
physicianexaminer in accordance with any other rule.
 (c) Examiner as Witness. The examiner may be called as a
witness by any party to the action, but shall not be identified
as appointed by the court.
Committee Note: This amendment to subdivision (a) is intended to
broaden the scope of Rule 1.360 to accommodate the examination of
a person by experts other than physicians.
RULE 1.380. Failure to Make Discovery; Sanctions.
 (a) Motion for Order Compelling Discovery. Upon reasonable
notice to other parties and all persons affected, a party may
apply for an order compelling discovery as follows:
 (1) (NO CHANGE)
 (2) Motion. If a deponent fails to answer a question propounded
or submitted under Rules 1.310 or 1.320, or a corporation or
other entity fails to make a designation under Rule 1.310(b)(6)
or 1.320(a), or a party fails to answer an interrogatory
submitted under Rule 1.340, or if a party in response to a
request for inspection submitted under Rule 1.350 fails to
respond that inspection will be permitted as requested or fails
to permit inspection as requested, or if a party in response to
a request for examination of a person submitted under Rule
1.360(a) objects to the examination, fails to respond that the
examination will be permitted as requested, or fails to submit to
or to produce a person in his custody or legal control for
examination, the discovering party may move for an order
compelling an answer, or a designation or an order compelling
inspection, or an order compelling an examination in accordance
with the request. When taking a deposition on oral examination,
the proponent of the question may complete or adjourn the
examination before he applies for an order. If the court denies
the motion in whole or in part, it may make such protective order
as it would have been empowered to make on a motion made pursuant
to Rule 1.280(c).
 (3) (NO CHANGE)
 (4) (NO CHANGE)
 (b) Failure to Comply With Order.
 (1) (NO CHANGE)
 (2) (NO CHANGE)
 (A) (NO CHANGE)
 (B) (NO CHANGE)
 (C) (NO CHANGE)
 (D) Instead of any of the foregoing orders or in addition to
them, an order treating as a contempt of court the failure to
obey any orders except an order to submit to a physical or
mentalan examination made pursuant to Rule 1.360(a)(1)(B) or
subdivision (a)(2) of this rule;
 (E) When a party has failed to comply with an order under Rule
1.360(a)(1)(B) requiring him to produce another for
examination, the orders listed in paragraphs (A), (B), and (C) of
this subdivision, unless the party failing to comply shows that
he is unable to produce the person for examination;
 (F) (NO CHANGE)
 (c) (NO CHANGE)
 (d) (NO CHANGE)
*983 RULE 1.390. Depositions of Expert Witnesses.
 (a) (NO CHANGE)
 (b) (NO CHANGE)
 (c) Fee. An expert or skilled witness whose deposition is taken
shall be allowed a witness fee in such reasonable amount as the
court may determine and it shall be taxed as costs. The court
shall also determine a reasonable time within which payment must
be made, if the deponent and party cannot agree. All parties and
the deponent shall be served with notice of any hearing to
determine the fee. Any reasonable fee paid to an expert or
skilled witness may be taxed as costs.
 (d) (NO CHANGE)
Committee Note: Subdivision (c) has been amended to clarify the
procedure to be used in paying an expert witness for his or her
appearance at a deposition.
RULE 1.431. Trial Jury.
 (a) (NO CHANGE)
 (b) (NO CHANGE)
 (c) (NO CHANGE)
 (d) (NO CHANGE)
 (e) (NO CHANGE)
 (f) Swearing of Jurors. No one shall be sworn as a juror until
the jury has been accepted by the parties or until all challenges
have been exhausted.
 (f)(g) (NO CHANGE EXCEPT RENUMBERING)
 (g)(h) (NO CHANGE EXCEPT RENUMBERING)
Committee Note: Subdivision (f) has been added to assure the
right to "back-strike" prospective jurors until the entire panel
has been accepted in civil cases. This right to back-strike until
the jurors have been sworn has been long recognized in Florida.
Florida Rock Industries, Inc. v. United Building Systems, Inc.,
408 So.2d 630 (Fla. App. 1981). However, in the recent case of
Valdes v. State, 443 So.2d 223 (Fla.App. 1983), the court held
that it was not error for a court to swear jurors one at a time
as they were accepted and thereby prevent retrospective
peremptory challenges. The purpose of this subdivision is to
prevent the use of individual swearing of jurors in civil cases.
Former subdivisions (f) and (g) have been redesignated as (g) and
(h) respectively.
RULE 1.440. Setting Action for Trial.
 (a) (NO CHANGE)
 (b) (NO CHANGE)
 (c) Setting for Trial. If the court finds the action ready to
be set for trial, it shall enter an order fixing a date for
trial. Trial shall be set not less than 30 days from the service
of the notice specified in subdivision (b)for trial. By
giving the same notice the court may set an action for trial. In
actions in which the damages are not liquidated, the order
setting an action for trial shall be served on parties who are in
default in accordance with Rule 1.080(a).
 (d) (NO CHANGE)
Committee Note: Subdivision (c) was amended to clarify a
confusion regarding the notice for trial which resulted from a
1968 amendment.
RULE 1.460. Continuances.
 A motion for continuance shall be in writing unless made at a
trial or hearingand, except for good cause shown, shall be
signed by the party requesting the continuance. The motion shall
state all of the facts that the movant contends entitle him to a
continuance. If a continuance is sought on the ground of
nonavailability of a witness, the motion must show when it is
believed the witness will be available.
Committee Note: The Supreme Court, by adopting Rule 2.085(c),
Florida Rules of Judicial Administration, effective July 1, 1986,
required all motions for continuance to be signed by the
litigant requesting the continuance. The amendment conforms Rule
1.460 to Rule 2.085(c); but, by including an exception for good
cause, it recognizes that circumstances justifying a continuance
may excuse the signature of the party.
RULE 1.470 Exceptions Unnecessary.
 (a) (NO CHANGE)
 (b) Instructions to Jury. Not later than at the close of the
evidence, the parties shall file written requests that the court
*984 charge the jury on the law set forth in such requests. The court
shall then require counsel to appear before it to settle the
charges to be given. At such conference all objections shall be
made and ruled upon and the court shall inform counsel of such
general charges as it will give. No party may assign as error
the giving of any charge unless he objects thereto at such time
or the failure to give any charge unless he requested the same.
The court shall orally charge the jury after the arguments are
completed and, when practicable, shall furnish a copy of its
charges to the jury.
 (c) (NO CHANGE)
Committee Note: The word "general" in the third sentence of
subdivision (b) was deleted to require the court to specifically
inform counsel of the charges it intends to give. The last
sentence of that subdivision was amended to encourage judges to
furnish written copies of their charges to juries.
FORM 1.902. SUMMONS.
 (a) General Form.
[No change in the current form. A new form for personal service
on natural persons follows.]
 (b) Form For Personal Service on Natural Person.
 SUMMONS: PERSONAL SERVICE ON
 A NATURAL PERSON
 IMPORTANT
 A lawsuit has been filed against you. You have 20 calendar days
after this summons is served on you to file a written response to
the attached complaint with the clerk of this court. A phone call
will not protect you. Your written response, including the case
number given above and the names of the parties, must be filed if
you want the court to hear your side of the case. If you do not
file your response on time, you may lose the case, and your
wages, money, and property may thereafter be taken without
further warning from the court. There are other legal
requirements. You may want to call an attorney right away. If you
do not know an attorney, you may call an attorney referral
service or a legal aid office (listed in the phone book).
 If you choose to file a written response yourself, at the same
time you file your written response to the court you must also
mail or take a copy of your written response to the
"Plaintiff/Plaintiff's Attorney" named below.
 IMPORTANTE
 Usted ha sido demandado legalmente. Tiene 20 dias, contados a
partir del recibo de esta notificacion, para contestar la demanda
adjunta, por escrito, y presentarla ante este tribunal. Una
llamada telefonica no lo protegera. Si usted desea que el
tribunal considere su defensa, debe presentar su respuesta por
escrito, incluyendo el numero del caso y los nombres de las
partes interesadas. Si usted no contesta la demanda a tiempo,
pudiese perder el caso y podria ser despojado de sus ingresos y
propiedades, o privado de sus derechos, sin previo aviso del
tribunal. Existen otros requisitos legales. Si lo desea, puede
usted consultar a un abogado inmediatamente. Si no conoce a un
abogado, puede llamar a una de las oficinas de asistencia legal
que aparecen en la guia telefonica.
 Si desea responder a la demanda por su cuenta, al mismo tiempo
en que presenta su respuesta ante el tribunal, debera usted
enviar por correo o entregar una copia de su respuesta a la
persona denominada abajo como "Plaintiff/Plaintiff's Attorney"
(Demandante o Abogado del Demandante).
 IMPORTANT
 Des poursuites judiciares ont ete entreprises contre vous. Vous
avez 20 jours consecutifs a partir de la date de l'assignation de
cette citation pour deposer une reponse ecrite a la plainte
ci-jointe aupres de ce tribunal. Un simple coup de telephone est
insuffisant pour vous proteger. Vous etes oblige de deposer votre
reponse ecrite, avec mention du numero de dossier ci-dessus et du
nom des parties nommees ici, si vous souhaitez que le tribunal
entende votre cause. Si vous ne deposez pas votre
*985 response ecrite dans le relai requis, vous risquez de perdre la
cause ainsi que votre salaire, votre argent, et vos biens peuvent
etre saisis par la suite, sans aucun preavis ulterieur du
tribunal. Il y a d'autres obligations juridiques et vous pouvez
requerir les services immediats d'un avocat. Si vous ne
connaissez pas d'avocat, vous pourriez telephoner a un service de
reference d'avocats ou a un bureau d'assistance juridique
(figurant a l'annuaire de telephones).
 Si vous choisissez de deposer vous-meme une reponse ecrite, il
vous faudra egalement, en meme temps que cette formalite, faire
parvenir ou expedier une copie de votre reponse ecrite au
"Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat)
nomme ci-dessous.
________________________________
Plaintiff/Plaintiff's Attorney
________________________________
 Address
________________________________
THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:
You are commanded to serve this summons and a copy of the
complaint in this lawsuit on the above-named defendant.
 DATED ON ____ 19__.
 CLERK OF THE
 CIRCUIT COURT
 (SEAL)
 BY: ____________________
 as Deputy Clerk
1988 Committee Note.
Two forms are now provided: one for personal service on natural
persons and one for other service by summons. The new form for
personal service on natural persons is included to ensure
awareness by defendants or respondents of their obligations to
respond.
The summons form for personal service on natural persons is to be
used for service on natural persons under the following
provisions: Florida Statutes § 48.031 (service of process
generally), § 48.041 (service on minors), § 48.042 (service on
incompetents), § 48.051 (service on state prisoners), § 48.183
(service of process in action for possession of residential
premises), and § 48.194 (personal service outside the state).
The former, general summons form is to be used for all other
service by summons, including service under Florida Statutes §
48.061 (service on partnership), § 48.071 (service on agents of
nonresidents doing business in the state), § 48.081 (service on
corporation), § 48.101 (service on dissolved corporations), §
48.111 (service on public agencies or officers), § 48.121
(service on the state), § 48.131 (service on alien property
custodian), § 48.141 (service on labor unions), § 48.151 (service
on statutory agents for certain purposes), and all statutes
providing for substituted service on the Secretary of State.
The form for personal service on natural persons contains Spanish
and French versions of the English text to ensure effective
notice on all Floridians. In the event of space problems in the
summons form, the Committee recommends that the non-English
portions be placed on the reverse side of the summons.
FORM 1.923. Eviction Summons/Residential.
 EVICTION SUMMONS/RESIDENTIAL
TO: ______________________
 Defendant(s)
__________________________
__________________________
 PLEASE READ CAREFULLY
 You are being sued by _______________ to require you to move
out of the place where you are living for the reasons given in
the attached complaint.
 You are entitled to a trial to decide whether you can be
required to move, but you MUST do ALL of the things listed below.
You must do them within FIVE (5) days (not including Saturday,
Sunday, or any legal holiday) after the date these papers were
given to you or to a person who lives with you or were posted at
your home.
*986 THE THINGS YOU MUST DO ARE AS FOLLOWS:
 (1) Write down the reason(s) why you think you should not be
forced to move. The written reason(s) must be given to the court
clerk at ______________ County Courthouse
______________________________
_____________________, Florida
 (2) Mail or take a copy of your written reason(s) to:
_______________________________
Plaintiff/Plaintiff's Attorney
_______________________________
 Address
_______________________________
 (3) Give the court clerk the rent that is due. You MUST pay the
clerk the rent each time it becomes due until the lawsuit is
over. Whether you win or lose the lawsuit, the judge may pay this
rent to the landlord.
 (4) If you and the landlord do not agree on the amount of rent
owed, give the court clerk the money you say you owe. Then before
the trial you must ask the judge to set up a hearing to decide
what amount should be given to the court clerk.
 _______________________________________________________________
IF YOU DO NOT DO ALL OF THESE THINGS WITHIN 5 WORKING DAYS YOU MAY
BE EVICTED WITHOUT A HEARING OR FURTHER NOTICE
__________________________________________________________________
THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE: You are commanded to serve this
summons and a copy of the complaint in this lawsuit on the
above-named defendant.
 DATED ON ____, 19__
 Clerk of the County Court
 By: _____________________
 Deputy Clerk
COMMITTEE NOTE:
This form is recommended to inform those sought to be evicted of
the procedure they must follow to resist eviction.
FORM 1.948. Third Party Complaint. General Form.
 THIRD PARTY COMPLAINT
 Defendant and third party plaintiff, C.D., sues third party
defendant, E.F., and alleges:
 1. Plaintiff filed a complaint against defendant, C.D., a copy
being attached.
 2. (State the cause of action that C.D. has against E.F. for
all or part of what A.B. may recover from C.D. as in an original
complaint.)
 WHEREFORE defendant, C.D., demands judgment against the third
party defendant, E.F., for all damages that are adjudged against
defendant, C.D., in favor of plaintiff.
NOTE: A copy of the complaint from which the third party
complaint is derived must be attached.
COMMITTEE NOTE:
This change was made to eliminate the words "third party
plaintiff."
 Form 1.975. Financial Statement for Dissolution of Marriage (Divorce).
 IN THE CIRCUIT COURT OF THE
 ____ JUDICIAL CIRCUIT
 IN AND FOR ____ COUNTY, FLORIDA
 IN RE: The Marriage of: )
 )
 Husband, ) Case No.
 and ) Division:
 )
 Wife. )
 ________________________ )
*987 FINANCIAL AFFIDAVIT
STATE OF FLORIDA
COUNTY OF __________
 BEFORE ME, this day personally appeared ________________________________,
who being duly sworn, deposes and says that the following information is
true and correct according to his/her best knowledge and belief:
ITEM 1: EMPLOYMENT AND INCOME
OCCUPATION: _____________________________________________________________
EMPLOYED BY: _____________________________________________________________
ADDRESS: _________________________________________________________________
 _________________________________________________________________
SOC. SEC. #: ____________________________________________________________
PAY PERIOD: ____________________________________________________________
RATE OF PAY: ____________________________________________________________
AVERAGE GROSS MONTHLY INCOME FROM EMPLOYMENT $ ________
Bonuses, commissions, allowances, overtime, tips and similar
 payments $ ________
Business income from sources such as self-employment,
 partnership, close corporations, and/or independent contracts
 (gross receipts minus ordinary and necessary expenses required
 to produce income) _______
Disability benefits _______
Workers' compensation _______
Unemployment compensation _______
Pension, retirement or annuity payments _______
Social Security benefits _______
Spousal support received from previous marriage _______
Interest and dividends _______
Rental income (gross receipts minus ordinary and necessary
 expense required to produce income) _______
Income from royalties, trusts or estates _______
Reimbursed expenses and in kind payments to the extent that they
 reduce personal living expenses _______
Gains derived from dealing in property (not including
 non-recurring gains) _______
Itemize any other income of a recurring nature _______
TOTAL MONTHLY INCOME $ _______
LESS DEDUCTIONS:
Federal, state and local income taxes (corrected for
 filing status and actual number of withholding
 allowances) $ _______
FICA or self-employment tax (annualized) _______
Mandatory union dues _______
Mandatory retirement _______
Health insurance payments _______
Court ordered support payments for the children
 actually paid _______
TOTAL DEDUCTIONS $ _______
ITEM 2: AVERAGE MONTHLY EXPENSES
HOUSEHOLD: _____________
Mtge. or rent payments _____________
Property taxes & insurance _____________
Electricity _____________
Water, garbage & sewer _____________
Telephone _____________
*988 Fuel oil or natural gas _____________
Repairs and maintenance _____________
Lawn and pool care _____________
Pest control _____________
Misc. household _____________
Food and grocery items _____________
Meals outside home _____________
Other:
______________________________ _____________
AUTOMOBILE:
Gasoline and oil _____________
Repairs _____________
Auto tags and license _____________
Insurance _____________
Other:
______________________________ _____________
______________________________ _____________
CHILDREN'S EXPENSES
Nursery or babysitting _____________
School tuition _____________
School supplies _____________
Lunch money _____________
Allowance _____________
Clothing _____________
Medical, dental, prescription _____________
Vitamins _____________
Barber/beauty parlor
Cosmetics/toiletries _____________
Gifts for special holidays
Other expenses: _____________
 _____________
 _____________
INSURANCES:
Health _____________
Life _____________
Other insurance
_______________________________ _____________
_______________________________ _____________
_______________________________ _____________
OTHER EXPENSES NOT LISTED
ABOVE
Dry cleaning and laundry _____________
Affiant's clothing _____________
Affiant's medical, dental,
 prescription _____________
Affiant's beauty parlor _____________
Affiant's gifts (special holidays) _____________
Pets:
Grooming _____________
Veterinarian _____________
Membership dues:
Professional dues _____________
Social dues _____________
Entertainment _____________
Vacations _____________
Publications _____________
Religious organizations _____________
Charities _____________
Miscellaneous _____________
OTHER EXPENSES
_______________________________ _____________
*989 _______________________________ _____________
_______________________________ _____________
_______________________________ _____________
TOTAL ABOVE EXPENSES _____________
PAYMENTS TO CREDITORS:
TO WHOM: BALANCE DUE: MONTHLY PAYMENT:
______________________________ _____________ ________________
______________________________ _____________ ________________
______________________________ _____________ ________________
______________________________ _____________ ________________
______________________________ _____________ ________________
______________________________ _____________ ________________
______________________________ _____________ ________________
______________________________ _____________ ________________
 Total monthly payments to creditors $ ______________
 TOTAL MONTHLY EXPENSES: $ ______________
FINANCIAL AFFIDAVIT
ITEM 3: ASSETS (Ownership: if joint, allocate equally)
Description Value Husband Wife
Cash (on hand or in banks) _________ __________ __________
Stocks/bonds/notes _________ __________ __________
Real estate:
 Home: _________ __________ __________
___________________________ _________ __________ __________
___________________________ _________ __________ __________
___________________________ _________ __________ __________
Automobiles:
___________________________ _________ __________ __________
___________________________ _________ __________ __________
___________________________ _________ __________ __________
Other personal property:
 Contents of home _________ __________ __________
 Jewelry _________ __________ __________
 Life ins./cash surrender
 value _________ __________ __________
Other assets:
___________________________ _________ __________ __________
___________________________ _________ __________ __________
___________________________ _________ __________ __________
TOTAL ASSETS: _________ __________ __________
ITEM 4: LIABILITIES
 Creditor Security Balance Husband Wife
__________________________ __________ __________ __________
__________________________ __________ __________ __________
__________________________ __________ __________ __________
__________________________ __________ __________ __________
__________________________ __________ __________ __________
TOTAL LIABILITIES __________ __________ __________
 _______________________________________
 Affiant
 SWORN TO and subscribed
 before me on __________,
 19__.
*990 ________________________________________
 NOTARY PUBLIC
 My Commission Expires:
 CERTIFICATE OF SERVICE
 I HEREBY CERTIFY that a true and correct copy of the above financial
affidavit has been furnished by U.S. Mail this _____ day of _____, 19 __,
to: _____________________________________________________________________
_________________________________________________________________________
 _________________________________________