## ESTEVEZ v OLARTE

Case No. 91-1800 CC 05

County Court, Dade County

April 4, 1991

### APPEARANCES OF COUNSEL

**Amy McGrotty, Esquire,** for plaintiff.

**Gail M. Ruiz, Esquire,** Legal Services of Greater Miami, Inc., for defendant.

### OPINION OF THE COURT

HARVEY GOLDSTEIN, County Judge.

This case came on to be heard on Defendant, Alicia Olarte's Motion for Relief from Default Final Judgment for Removal of Tenant. Said

motion is granted. Further, the Defendant's ore tenus Motion for Final Judgment of Dismissal is granted because the summons in this case is insufficient and fails to meet minimum due process because the summons does not contain a Spanish translation.

The facts are as follows:

1. The Defendant, a 72 year old woman who lives by herself, does not speak or read English.

2. The original rental agreement dated 03 January 1983 is completely written in Spanish.

3. All correspondence and notices to defendant from landlord dated October 5, 1990, October 10, 1990, October 31, 1990, January 17, 1991, January 25, 1991, are written in Spanish.

4. However, the three day notice posted on January 23, 1991, and the complaint and summons posted on January 30, 1991 are completely written in English.

In Re Amendments to Rules of Civil Procedure, 536 So.2d 974 (1988), the Florida Supreme Court adopted the recommendations of The Florida Bar to amend Form 1.902(b) or Summons for personal service on a natural person. The Committee Note (page 985) states "The form for personal service on natural persons contains Spanish and French versions of the English text to ensure effective notice on all Floridians."

Further, the Committee Note (page 985) also states that this new multi-lingual form or summons is to be used on natural persons under Florida State § 48.183 (service of process in actions for possession of residential premises). Despite this note, The Florida Bar and the Florida Supreme Court for unknown reasons failed to provide a Spanish or French translation of Form 1.923—Eviction Summons/ Residential.

This Court concludes that the Florida Supreme Court in its 1988 amendments to the Rules of Civil Procedure has set new minimum standards of due process for notices and service of process in Florida. Previously common law has found English only summons to be generally sufficient for due process. See Defendant's Memorandum of Law on Service of Process and the Due Process Clause of the Fourteenth Amendment.

Generally, the notice required for any proceeding which may produce a final result is notice that is reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Hart*

*v Hart,* 458 So.2d 815 (4 DCA 1984). The U. S. Supreme Court has stated substantially the same in *Green v Lindsey,* 456 U.S. 444, 72 L.Ed 2d 249, 102 S.Ct. 1874 (1982). As a result of the Supreme Court's ruling in *Green v Lindsey,* the Florida legislature amended the statute providing service of process on tenants by posting.

In this case, the English only summons did not meet minimal due process safeguards because the Plaintiff knew the Defendant did not read English, had communicated to the Defendant for several years only in Spanish, had entered with the Defendant into a contract written only in Spanish, and the Florida Supreme Court has set new minimum due process in its 1988 Amendments to the Rules of Civil Procedure.

Finally, continued possession of a person's or family's home or residence is a very significant interest in property. Eviction from one's home or residence has a tremendous impact on a person and/or family. Common wisdom states that the greatest trauma that can be inflicted on individuals is death of a loved one, unemployment after many years of service, and loss of a home, particularly after a long residence such as the seven years in this case. Therefore, the summons for eviction of a tenant should meet the same level of notice as that which the Florida Supreme Court approved in its amended Form 1.902(b).

DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this 04 day of April, 1991.