PER CURIAM.
Appellant, Bradley Davis raises a number of issues on appeal concerning a default judgment entered against him, the order denying his motion to set aside the default judgment, and the final judgment entered in this case awarding the Appellee, New River Development, L.L.C. (“New River”), damages. Because we find the default judgment was entered prematurely, we reverse and remand on this point and decline to address the other issues Davis has raised on appeal.
On October 24, 2002, New River filed suit against Davis and his brother, alleging causes of action for material misrepresentation and fraud in the inducement against Davis. New River alleged causes of action against Davis’s brother for tortious interference and abuse of process. These claims relate to an Agreement of Purchase and Sale for property belonging to Davis. On November 12, 2002, New River filed an Amended Complaint, which no longer asserted any claims against Davis’s brother but still contained the counts against Davis for material misrepresentation and fraud in the inducement. This complaint was served by mail on November 7, 2002. On November 21, 2002, New River filed a Motion for Court Default stating that *849 Davis “was required to file a responsive pleading [to its Amended Complaint] on or before November 18, 2002, and has failed to do so.” The trial court held a hearing on this motion on November 25, 2002 and granted New River’s Motion for Default, filing its order granting this motion on November 26, 2002. Davis never filed a responsive pleading to either of New River’s complaints.
Here, the trial court erred in granting the Motion for Default because at the time the motion was granted, Davis still had time to respond to the Amended Complaint. We find New River’s argument that Florida Rule of Civil Procedure 1.190(a) required a responsive pleading to have been filed within ten days of the Amended Complaint to be without merit. Rule 1.190(a) states:
[a] party may amend a pleading once as' a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, [a party] may so amend it at any time within 20 days after it is served. Otherwise a party may amend a pleading only by leave of court or by written consent of the adverse party. Leave of court shall be given freely when justice so requires. A party shall plead in response to an amended pleading with[in] 10 days after service of the amended pleading unless the court otherwise orders.
Although rule 1.190(a) does state that a response to an amended pleading should be served within ten days, when this provision is read in context with the preceding sentences, the provision refers to responses to amended pleadings filed “by leave of court or by written consent of the adverse party” and not responses to amended pleadings filed “as a matter of course.” See Thompson v. State, 695 So.2d 691, 692 (Fla.1997) (“It is a settled principle of statutory construction that phrases within a statute are not to be read in isolation, but rather should be construed within the context of the entire section.”).
Furthermore, when this portion óf rule 1.190(a) was amended in 1988 to change the time period in the last line from “20 days” to “10 days,” the Civil Procedure Rules Committee of the Florida Bar stated that this amendment was being made “to conform with the 10-day time requirement of subsection 1.140(a)(3).” In re Amendments to Rules of Civil Procedure, 536 So.2d 974, 975, 978 (Fla.1988). Rule 1.140(a)(3) states:
[1]f the court, permits or requires an amended or responsive pleading or a more definite statement, the pleading or statement .shall be served within 10 days after notice of the court’s action. Responses to the pleadings or statement shall be served within 10 days of service of the pleadings or statements.
(Emphasis added). As the emphasized portion shows, the ten-day time period in rule 1.140(a)(3) clearly refers only to responses to amended pleadings filed with the court’s permission or filed because the court has required them to be filed. Because the Civil Procedure Rules Committee amended rule 1.190(a) to conform with rule 1.140(á)(3), and rule 1.140(a)(3) does not refer to responses to amended complaints filed as a matter of course, this further demonstrates that the ten-day time period in rule 1.190(a) refers only to amended pleadings filed with the court’s permission rather than those filed in response to amended complaints filed as a matter of course.
Thus, the ten-day response time stated in rule 1.190(a) does not apply to amended pleadings like the amended complaint' in this case, which was filed as a *850 matter of course before a responsive pleading was served. Here, Davis had twenty days to respond to New River’s Amended Complaint. See Fla. R. Civ. P. 1.140(a)(1). Davis was served with the Amended Complaint by mail on November 7, 2002. Pursuant to Florida Rule of Civil Procedure 1.090(e), five days for mailing are added to the twenty days given to Davis to file a response. Thus, the response to the Amended Complaint was due on December 2, 2002, making an entry of default on November 25, 2002 premature. Because the motion for default was entered prematurely, all the orders entered after this improper default order are void. See Employers’ Fire Ins. Co. v. Dep’t of Labor & Employment Sec., 629 So.2d 1118, 1118 (Fla. 1st DCA 1994).
Accordingly, we reverse and remand for proceedings consistent with this opinion.
REVERSED and REMANDED.
GUNTHER, STEVENSON and HAZOURI, JJ., concur.